IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Sylvia Stafford<br>708 Woodington Dr.,<br>Pataskala, Ohio 43062<br><br>  Plaintiff,<br><br>v.<br><br>Caliber Home Loans, Inc.<br>c/o CT Corporation System,<br>4400 Easton Commons Way, Suite 125,<br>Columbus, Ohio 43219<br><br>  Defendant. | CASE NUMBER: 2:22-cv-3777<br><br>JUDGE:<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

The following allegations are based upon Plaintiff Sylvia Stafford's ("Plaintiff")'s personal knowledge, the investigation of counsel, and information and belief. Plaintiff, through counsel, alleges as follows:

**INTRODUCTION**

1. In June 2019, Plaintiff's father, Samuel L. Stafford (Mr. Stafford") entered into a VA mortgage loan to finance the purchase of real estate located at 708 Woodington Dr., Pataskala, Ohio 43062 (the "Property") (the "Mortgage Loan"). A true and accurate copy of the Mortgage Loan is attached hereto as Exhibit A.

2. Plaintiff lived with Mr. Stafford and split the mortgage payments with him after closing.

3. Mr. Stafford purchased the Property to be used as his primary residence.

1

4. On or about November of 2020, Mr. Stafford sadly passed away.

5. Prior to November of 2020, Mr. Stafford had elected to participate in COVID forbearance.

6. Caliber Home Loans, Inc. ("Caliber" or "Defendant") confirmed Plaintiff as the successor in interest to the Property in January of 2021.

7. When Ms. Stafford became the confirmed successor in interest, she learned the Mortgage Loan was in a COVID-19 forbearance.

8. Ms. Stafford was told that when the forbearance ended, she would be given a variety of COVID-19 loss mitigation options.

9. Caliber did not evaluate Ms. Stafford for the COVID-19 related loss mitigation options when the forbearance ended.

10. From January 2021 onward, Ms. Stafford called in and tried to discuss ending her forbearance with Caliber, but Caliber refused to evaluate her for loss mitigation.

11. From January 2021 onward, Caliber engaged in a pattern of miscommunication and misdirection regarding what options were available for loss mitigation and what steps Ms. Stafford needed to take next.

12. Caliber's misdirection, miscommunication, and lack of diligence lead to increase loan arrearages, late fees, and other costs for Plaintiff.

13. Finally, on August 5, 2022, Plaintiff submitted all documents to Caliber necessary for it to evaluate her for loss mitigation and to approve her for a loan modification and partial claim.

14. Instead of halting foreclosure proceedings upon receipt of Plaintiff's loss

mitigation application, Caliber filed a foreclosure on August 12, 2022, in violation of federal law.

15. Defendant added excess charges and fees to the Mortgage Loan while it was in forbearance, repeatedly made misrepresentations to Plaintiff, repeatedly failed to review Plaintiff for loss mitigation options in connection with the CARES Act, RESPA, and Regulation X, and failed to allow Plaintiff to end her forbearance.

16. Defendant violated RESPA by filing a foreclosure when it had a complete or facially complete loss mitigation application. The improper filing cost Ms. Stafford attorney fees because she had to hire an attorney to assist in the filing of an Answer to the wrongful foreclosure. She also incurred additional attorney fees in costs to ensure Caliber follows RESPA going forward and halts the wrongful foreclosure.

**PRELIMINARY STATEMENT**

17. Plaintiff institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against Defendant for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617 (1974) ("RESPA"), violations of Regulation X, 12 C.F.R. §§ 1024.1-1024.41 (2011) ("Reg X"), violations of the Coronavirus Aid, Relief, and Economic Security Act, 15 U.S.C. §§ 9001-9141 (2020) (CARES Act), and declaratory and injunctive relief.

**JURISDICTION**

18. This Court has subject matter jurisdiction over Count One under RESPA, 12 U.S.C. § 2614, and 28 U.S.C. §§ 1331 and 1337.

19. This Court has personal jurisdiction over Defendant because Defendant transacts business within this District, the Mortgage Loan was incurred within this

District, and the property which was the subject of the Mortgage Loan is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

**VENUE**

20. The majority of the witnesses reside in the Southern District of Ohio.

21. A substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio.

22. All of the property that is the subject of the action is situated in Southern District of Ohio.

23. Venue is proper in accordance with 28 U.S.C. § 1391(b)(2).

**PARTIES**

24. Each action or inaction alleged herein against Defendant is also an allegation of action or inaction by Defendant's agents, predecessors, successors, employees, contractors, assignees, assignors, and servicers, as appropriate.

25. Plaintiff is a natural person currently residing within this Court's jurisdiction at the Property.

26. At all times relevant to this transaction, Plaintiff was and is a **"Person"** within the meaning of RESPA, 12 U.S.C. § 2602(5).

27. At all times relevant to this transaction, Plaintiff was and is a **"Borrower"** within the meaning of RESPA as a confirmed successor in interest.

28. At all times relevant to this transaction, Plaintiff was and is a **"Borrower"** within the meaning of Reg X, 12 C.F.R. § 1024.30(d).

29. Defendant is a mortgage lender and servicer headquartered in Texas.

30. At all times relevant to this transaction, Defendant was and is a **"Person"** within the meaning of RESPA, 12 U.S.C. § 2602(5).

4

31. At all times relevant to this transaction, Defendant was and is a **"Servicer"** within the meaning of RESPA, 12 U.S.C. § 2605(i)(2).

32. At all times relevant to this transaction, Defendant engaged in and engages in **"Servicing"** of Plaintiff's Mortgage Loan within the meaning of RESPA, 12 U.S.C. § 2605(i)(3).

## FACTUAL ALLEGATIONS

33. Plaintiff incorporates all paragraphs by reference as though fully written here.

34. In January of 2021, Caliber confirmed Plaintiff as the confirmed successor in interest to the Mortgage Loan under RESPA.

35. Prior to January of 2021, Caliber put Plaintiff and her late father in a COVID-19 forbearance plan ("Plaintiff's Forbearance Plan").

36. Under the terms of Plaintiff's Forbearance Plan and subsequent extensions, her Mortgage Loan payments were paused, and no late fees were to be assessed to her Mortgage Loan during that period.

37. In July 2022, Plaintiff reached out to Caliber because it had locked her out of her Mortgage Loan account.

38. During the July 2022 call, Caliber told Ms. Stafford she must move quickly because they were getting ready to file a foreclosure.

39. On July 28, 2022, Plaintiff submitted documents to save the dream Ohio to help avoid foreclosure.

40. On August 1, 2022, Plaintiff Save the Dream approved Ms. Stafford's application.

41. On August 1, 2022, Plaintiff provided Caliber the Save the Dream information.

42. In response, Caliber sent Plaintiff a loss mitigation application.

5

43. On August 5, 2022, Plaintiff submitted all the information to Caliber to be considered for loss mitigation options

44. On August 5, 2022, Plaintiff's loss mitigation application was complete or facially complete.

45. On August 12, 2022, Caliber filed a foreclosure despite receiving everything required to consider Plaintiff for loss mitigation options.

46. As a result of the foreclosure filing, Ms. Stafford hired an attorney for limited representation to help draft an Answer to defend the wrongful foreclosure action.

47. On August 23, 2022, Caliber confirmed Plaintiff submitted a complete loss mitigation application.

48. On September 15, 2022, Caliber sent Plaintiff a Loan Modification and Partial Claim.

49. Plaintiff accepted the Loan Modification and Partial Claim.

50. To date, Defendant has not dismissed its foreclosure despite the Mortgage Loan being current.

51. Defendant continues to maintain its wrongful foreclosure and continues to deny Plaintiff access to her loan account online.

52. Additionally, Defendant continues to block Plaintiff's phone calls, so she has no way of inquiring into the status of her loan modification and partial claim.

53. Defendant's conduct, including its premature filing of a foreclosure, has needlessly inflated the amounts owed on Plaintiff's Mortgage Loan, added additional interest, added foreclosure costs, and other amounts to the

Modification.

54. Defendant's premature filing of foreclosure caused Plaintiff to incur legal fees and costs she should not have incurred but for its conduct.

55. As a result of Defendant's actions and misrepresentations, Plaintiff suffers from severe emotional distress, including anxiety, increased stress, and sleepless nights.

56. As a result of Defendant's actions, Plaintiff incurred excess arrearages for escrow, late payments, fees, and interest charges on the loan caused by Defendant's actions and misrepresentations.

**COUNT ONE – RESPA AND REG. X VIOLATIONS AGAINST DEFENDANT**

57. Plaintiff incorporates all paragraphs by reference as though fully written here.

58. Defendant's actions described herein constitute violations of RESPA, (1974), Reg. X, 12 C.F.R. §§ 1024.1-1024.41 (2011), and the CARES Act 15 U.S.C. §§ 9001-9141 (2020).

59. Violations of Reg. X and the CARES Act constitute violations of RESPA pursuant to 12 U.S.C. § 2605(k)(1) and 2617(a).

60. Defendant assessed fees and penalties to Plaintiff's Mortgage Loan account beyond fees, penalties, and interest scheduled and calculated prior to the forbearance in violation of 15 U.S.C. § 9056(b)(3).

61. By failing to exercise reasonable diligence related to Plaintiff's loss mitigation applications, requests, and subsequent submissions, Defendant violated Reg. X, 12 C.F.R. §1024.41(b).

62. By failing to exercise reasonable diligence in obtaining documents, requiring

payments, and obtaining information to allegedly complete Plaintiff's loss mitigation applications, requests, and subsequent submissions, Defendant violated Reg. X, 12 C.F.R. § 1024.41(b)(1).

63. By failing to timely review loss mitigation options available to Plaintiff related to her loss mitigation applications, requests, and subsequent submissions, Defendant violated Reg. X, 12 C.F.R. § 1024.41(b)(2).

64. Defendant failed to provide Plaintiff with the correct notices regarding the receipt of documents, the receipt of the loss mitigation application itself, and the identification of which additional documents Plaintiff needed to submit to complete the loss mitigation application in violation of 12 C.F.R. § 1024.41(b)(2)(i)(B).

65. Defendant failed to provide Plaintiff with notice of a reasonable date by which Plaintiff was required to submit additional documents to complete the loss mitigation application in violation of 12 C.F.R. § 1024.41(b)(2)(ii).

66. By failing to timely review loss mitigation options available to Plaintiff related to her loss mitigation applications, requests, and subsequent submissions, Defendant violated Reg. X, 12 C.F.R. § 1024.41(c)(1).

67. Defendant required Plaintiff to make up payments and pay other charges as part of offering a COVID-19 related loss mitigation option in violation of Regulation X, 12 C.F.R. §1024.41(c)(2)(v).

68. Defendant violated Reg. X, 12 C.F.R. § 1024.41(c)(4)(i) when it failed to exercise reasonable diligence in obtaining information not in Plaintiff's control.

69. Defendant violated Reg. X, 12 C.F.R. § 1024.41(f)(2) by filing its foreclosure

action after receipt of Plaintiff's complete or facially complete loss mitigation application.

70. Defendant violated Reg. X, 12 C.F.R. § 1024.41(c)(2)(i) by not evaluating Plaintiff for all loss mitigation options available by offering her a loss mitigation option based on an incomplete application.

71. Defendant regularly fails to evaluate and process loss mitigation applications of its borrowers in compliance with RESPA and Regulation X, including request for loss mitigation options related to the COVID-19 pandemic.

72. Defendant engaged in a pattern or practice of noncompliance with the requirements of RESPA.

73. As a result of Defendant's actions, Plaintiff suffers severe emotional distress, including anxiety, stress, and sleepless nights.

74. As a result of Defendant's actions, Plaintiff suffers from an improper loan balance due to Defendant's failure to exercise diligence and comply with RESPA.

75. As a result of Defendant's actions, Plaintiff incurred attorney fees and costs to defend against an improper foreclosure when Defendant engaged in practice known as dual tracking.

76. Defendant is liable to Plaintiff under this Count for its RESPA violations in an amount equal to or greater than: statutory damages in excess of $2,000.00, actual damages for its violations of RESPA, and the costs of this action and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction of this case;

B. Grant Plaintiff the maximum damages she seeks on her counts, including the maximum statutory damages available under each claim where statutory damages are available, and the maximum economic and non-economic damages available, including actual, emotional, general, and other damages;

C. Award Plaintiff actual damages to be established at trial;

D. Award Plaintiff statutory damages under RESPA;

E. Award Plaintiff the costs of this litigation;

F. Award Plaintiff her attorney fees;

G. Declare that Defendant's acts and practices violate RESPA;

H. Award such other relief as the Court deems appropriate.

Dated: October 24, 2022

Respectfully Submitted,
Kohl & Cook Law Firm, LLC

/s/Timothy J. Cook
Brian A. Brown (0096733)
Timothy J. Cook (0093538)
Sean M. Kohl (0086726)
1900 Bethel Rd.
Columbus, OH 43220
PH (614) 763-5111
FAX (937) 813-6057
Timothy@KohlCook.com
Brian@KohlCook.com
*Attorneys for Plaintiff*

## **JURY TRIAL DEMANDED**

Plaintiff respectfully requests a jury trial on all triable issues.

/s/ *Timothy J. Cook*
Timothy J. Cook (0093538)
